UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:15-CR-387-T-17JSS

ELIAS BARRIOS DE LA ROSA.
_____/

ORDER

This cause is before the Court on:

Dkt. 121   Motion for Judicial Review

Defendant Elias Barrios De La Rosa, *pro se*, moves for judicial review pursuant to Fed. R. Crim. P. 52(b), to correct a clear error of law, and manifest injustice. Defendant De Law Rosa seeks dismissal of the Indictment.

The Court construes Defendant's Motion as a Motion for Leave to File a Section 2255 Petition beyond the one-year deadline. Defendant De La Rosa argues Defendant was deprived of his Sixth Amendment right to effective assistance of counsel. Defendant De La Rosa states that Petitioner had one year to file a petition seeking an extraordinary remedy pursuant to 28 U.S.C. Sec. 2255. Defendant De La Rosa says that he was misled to believe he had a pending appeal. Defendant's Motion challenges the Court's extra-territorial jurisdiction.

Defendant De La Rosa entered into a Plea Agreement (Dkt. 38), pleading guilty to Count 1 of the Indictment. Defendant De La Rosa was sentenced on April 29, 2016. (Dkts. 80, 81).

On April 29, 2017, Defendant moved for a sentence reduction for substantial assistance. (Dkt. 106). The Court denied the Motion. (Dkt. 110).

The Court notes that Defendant De La Rosa's codefendant, Defendant Gustavo Robinson Gallardo, filed a Section 2255 Petition, in which Defendant Gallardo challenged the Court's jurisdiction under the Maritime Drug Law Enforcement Act, Secs 70503, 70506. (Dkt. 101). The Court denied Defendant Gallardo's Section 2255 Petition. (Dkt. 107).

Like Defendant Gallardo, Defendant De La Rosa entered into a Plea Agreement. In the Plea Agreement, Defendant De La Rosa admits that the Court has jurisdiction, and admits he was on a vessel in international waters that was subject to the jurisdiction of the United States. (Dkt. 38). A state certification was filed as to Defendant De Law Rosa. (Dkt. 32).

Defendant De La Rosa's Plea Agreement includes a waiver of the right to appeal, except under limited circumstances. Defendant De La Rosa does not allege that his plea was not knowing and voluntary. Defendant De La Rosa was represented by counsel, and the services of an interpreter were used at the time of the change-of-plea proceedings.

After consideration, the Court denies Defendant De La Rosa's Motion for Judicial Review without prejudice. Accordingly, it is

**ORDERED** that *pro se* Defendant Elias De La Rosa's Motion for Judicial Review, Construed as a Motion for Leave to File a Section 2255 Petition beyond the one-year Deadline (Dkt. 121) is **denied without prejudice.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 14th day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record
*Pro Se* Defendant:

Elias Barrios De La Rosa
42647-018
FORT DIX FEDERAL
CORRECTIONAL INSTITUTION
P.O. Box 2000
Fort Dix, NJ   08640